[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Joseph Willis, Jr., appeals to this court from two orders of the family support magistrate, Trombley, F.S.M. The first order, dated March 17, 1998, required the defendant to post a bond in the amount of $4,000 to be paid on or before April 21, 1998. The defendant claims that this order should not have entered as there was insufficient evidence to support the finding that the defendant was financially able to post said performance bond as required by General Statutes § 46b-231(m)(9). Additionally, the defendant appeals from the April 21, 1998 denial of the defendant's oral motion to review the March 17, 1998 order and the subsequent finding that the defendant was in contempt for failing to post said bond. After the contempt finding the support magistrate ordered the defendant to be incarcerated and continued the matter until April 28, 1998. The defendant claims that family support magistrates lack the power to incarcerate for contempt when the defendant fails to post a bond pursuant to an order under General Statutes § 46b-231(m)(9). The plaintiff replies that the record supports the magistrate's order of March 17, 1998 and further that the magistrate's power to hold the defendant in contempt for failing to comply with orders issued pursuant to General Statutes § 46b-231(m)(9) is contained in § 46b-231(m)(7). Additionally, the plaintiff seeks to dismiss the defendant's appeal from the March 17, 1998 order of the court as not having been timely filed. At the hearing on the appeal counsel for the defendant advised the Court that the defendant had posted the bond with the help of family and friends after being CT Page 12462 incarcerated. Therefore presently the defendant is not in the custody of the Commissioner of Correction.
The procedure for appeal from decisions of the family support magistrate are set forth in General Statutes § 46b-231(m). This section states in part:
 "Proceedings for such appeal shall be instituted by filing a petition . . . not later than fourteen days after filing of the final decision, . . . or, if a rehearing is requested, not later than fourteen days after filing of the notice of decision therein."
The defendant argues that since he orally requested a rehearing on April 21, 1998 of the magistrate's decision of March 17, 1998 a new appeal period is established. Since the defendant's appeal was filed on May 4, 1998 he claims the appeal is timely filed. Following this logic to its reasonable conclusion would eliminate the requirement that appeals to the superior court shall be filed within fourteen days. By merely filing a request for rehearing, even years after the initial decision of the magistrate, would create a new appeal period. This is clearly not the intent of the statute. The Court finds that the motion for rehearing must be filed within fourteen days of the final decision in order to establish a new fourteen day appeal period. Therefore, the Court need not reach the issue of whether the magistrates order finds sufficient support in the record.
As to the issue of whether the magistrate has the power to hold the defendant in contempt for failing to comply with the March 17, 1998 order the Court agrees with the plaintiff. General Statutes § 46b-231(m)(7) grants to the magistrate the power to "enforce orders for child support and spousal support . . . by citing an obligor for contempt." General Statutes § 46b-2319(m)(9) states that "whenever an obligor is before a family support magistrate in proceedings to establish, modify or enforce a support order . . . the magistrate may require the obligor to execute a bond . . . ". Therefore, the power to enforce support orders using contempt powers includes orders issued pursuant to General Statutes § 43b-231(m)(9) even though the power is not specifically set out in that section. If this were not the case then the § 43b-231(m)(9) remedy of ordering the defendant to post a bond would not have any enforcement mechanism. Additionally, since the defendant in fact posted the CT Page 12463 bond thus purging himself of the contempt, the issue is moot.
For the reasons set forth above the Court finds no error.
Zarella, J.